**POMERANTZ LLP**

Justin D. D'Aloia (*pro hac vice*)
jdaloia@pomlaw.com
Jennifer Pafiti (SBN 282890)
jpafiti@pomlaw.com
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:   (212) 661-1100

*Counsel for Lead Plaintiff The KL Kamholz Joint Revocable Trust and Lead Counsel for the Proposed Class*

— additional counsel on signature page —

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re B. Riley Financial, Inc. Securities Litigation*<br><br>This Document Relates to:<br>All Actions | Master File No. 2:24-cv-00662-SPG-AJR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION** |

The Parties anticipate that discovery in this Action is likely to involve production of confidential, proprietary, private, and/or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than proceedings in this Action is warranted.  Accordingly, the Parties hereto, by and through their undersigned attorneys, hereby stipulate to and petition the Court to enter this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**1.    DEFINITIONS**

1.1.    <u>Action</u>.  The above-captioned action.

1.2.    <u>Confidential Discovery Material</u>.   Any Discovery Material designated as "CONFIDENTIAL" pursuant to Paragraph 3 hereto.

1.3.    <u>Highly Confidential Discovery Material</u>.  Any Discovery Material designated as "HIGHLY CONFIDENTIAL" pursuant to Paragraph 3 hereto.

1.4.    <u>Counsel</u>.  Outside Counsel or In-House Counsel.

1.5.    <u>Defendants</u>.  Defendants B. Riley Financial, Inc., Bryant Riley, Tom Kelleher, and Phillip J. Ahn.

1.6.    <u>Derivative Information</u>.   All information derived from Confidential Discovery Material or Highly Confidential Discovery Material, including, but not limited to, any copies, extracts, summaries, compilations, descriptions, notes, testimony, conversations, or presentations by Parties or their Counsel that might reveal such Confidential Discovery Material or Highly Confidential Discovery Material.

1.7.    <u>Designating Party</u>.  Any Party or Non-Party that designates any Discovery Material as "Confidential" pursuant to Paragraph 3 hereto.

1.8.    <u>Discovery Material</u>.   Any items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony taken at depositions or hearings, transcripts thereof, deposition exhibits, interrogatory responses, responses to written discovery requests, and tangible things) that are produced, generated, given, or exchanged in connection with discovery in this Action.

1.9.    <u>Expert</u>.  Any person with specialized knowledge or experience in a matter

1

pertinent to the litigation who has been retained by a Party or a Party's counsel to serve as an expert witness or as a consultant in connection with this Action.

1.10. Final Disposition. The later of: (i) dismissal of all claims and defenses in this Action, with or without prejudice; (ii) final approval of settlement between and among all parties; and (iii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1.11. In-House Counsel. Attorneys who are employees of a Party to this Action, including their support staff. For the avoidance of doubt, In-House Counsel does not include Outside Counsel in this Action or any other counsel who is not an employee of a Party to this Action.

1.12. Lead Plaintiff. Court-appointed lead plaintiff The KL Kamholz Joint Revocable Trust.

1.13. Non-Party. Any person or entity that is not a Party to the Action.

1.14. Order. This [Proposed] Stipulated Order for the Production and Use of Confidential Information, dated January 16, 2026.

1.15. Outside Counsel. Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

1.16. Party. Any of the Parties.

1.17. Parties. Plaintiffs and Defendants.

1.18. Plaintiffs. Lead Plaintiff and additional plaintiff Mike Coan.

1.19. Privileged Material. Any Discovery Material that the Producing Party claims is protected from discovery or disclosure, in full or part, by the attorney-client privilege, the attorney work product doctrine, and/or any other additional privilege, immunity, or protection.

1.20. Producing Party. Any person or entity, whether a Party or Non-Party, that

produces Discovery Material in connection with the Action.

1.21. <u>Professional Vendors</u>.  Persons or entities that provide or advise on litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and trial preparation (*e.g.*, trial consultants and mock jurors), as well as their employees and subcontractors.

1.22. <u>Receiving Party</u>.  Any Party receiving Discovery Material in the Action.

**2.      <u>PURPOSES AND LIMITATIONS</u>**

2.1. <u>Good Cause Statement</u>.  The Parties anticipate that discovery in this Action is likely to involve production of Confidential Discovery Material for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Discovery Materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such Discovery Material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and serve the ends of justice, a protective order for such information is justified in this matter.

2.2. <u>Scope</u>.  As provided in Paragraph 3.5, the protections conferred by this Order apply to Derivative Information to the same extent they apply to the Confidential Discovery Material from which it is derived.  In addition, this Order has no effect upon, and shall not apply to, a Designating Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that (i) was, is, or becomes public knowledge, not in breach of this Order; (ii) is acquired developed or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third parties, subject to Paragraph 7 herein.

2.3. <u>Limitations</u>.  This Order does not confer blanket protections on all Discovery Materials and the protection it affords from public disclosure and use extends only to the

3

limited information or items that are entitled to confidential treatment under the applicable legal principles.  As set forth in Paragraph 6, below, this Stipulated Protective Order does not entitle the Parties to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.4.    Duration.  Once a case proceeds to trial, all court-filed Discovery Material to be introduced that was previously designated as Confidential Discovery Material or Highly Confidential Discovery Material or maintained pursuant to this Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this Order do not extend beyond the commencement of the trial.  Any use of Confidential Discovery Material at trial shall be governed by the orders of the trial judge.

**3.    DESIGNATING DISCOVERY MATERIAL AS CONFIDENTIAL**

3.1.    Confidential Discovery Material.  Any Party or Non-Party may designate Discovery Material as "CONFIDENTIAL" if the Party or Non-Party believes in good faith that such Discovery Material contains or reflects nonpublic personal, financial, proprietary, customer, or client information, commercially sensitive information, trade secrets, product research or development data (including information implicating privacy rights of third parties), or information that is entitled to confidential treatment or protected from disclosure under applicable laws or regulations, court rules, case decisions, or common law (including regulations governing the disclosure of government or agency documents).  Discovery Material will not be designated as "CONFIDENTIAL" for tactical reasons and nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the

public record of this Action.

3.2.    Highly Confidential Discovery Material.    Any Party or Non-Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if the Party or Non-Party believes in good faith that such Discovery Material contains or reflects nonpublic personal, financial, proprietary, customer, or client information, commercially sensitive information, trade secrets, product research or development data (including information implicating privacy rights of third parties), or information that is entitled to confidential treatment or protected from disclosure under applicable laws or regulations, court rules, case decisions, or common law (including regulations governing the disclosure of government or agency documents), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.    Discovery Material will not be designated as "HIGHLY CONFIDENTIAL" for tactical reasons and nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this Action.

3.3.    Manner of Designations.    For purposes of this Order, a Producing Party shall designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the following manner:

(a)    In the case of physical or electronic documents or data (other than depositions or other pretrial testimony, but including written discovery responses), the Producing Party shall brand such Discovery Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," to each page that contains Discovery Material that qualifies for protection.    Documents produced in native format shall be produced with a corresponding placeholder image file bearing the document control number and the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend.    If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s).

(b)    In the case of materials produced in the form of electronic or magnetic

5

media (including information, tiles, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(c)    In the case of depositions or other pretrial testimony, Counsel for any Party or Non-Party may designate any portion of the transcript that contains Confidential Discovery Material, Highly Confidential Discovery Material, or Derivative Information by providing written notice to all Outside Counsel within fourteen (14) days of receipt of the final transcript by Counsel for the Party or Non-Party claiming confidentiality.  The entire transcript of the deposition or other pretrial testimony shall be treated as Confidential Discovery Material until the written notice is furnished or the expiration of the fourteen (14) day period, whichever is earlier.  If no such designations are made within fourteen (14) days, the temporary designation as Confidential Discovery Material will expire and no testimony from the deposition or hearing will be designated as Confidential Discovery Material or Highly Confidential Discovery Material.

(d)    In such cases where the marking of each piece of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production.

3.4.    <u>Exercise of Restraint and Care</u>. Each Designating Party must take care to limit any designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of Discovery Material that qualify so that other portions of the Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

6

unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that Discovery Material that the Designating Party designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not qualify as such, the Designating Party must promptly notify all other Parties that it is withdrawing the designation.

3.5. <u>Conflicting Designations</u>. In the event a Party produces two or more identical copies of Discovery Material and the copies have conflicting designations, all such identical Discovery Material shall be treated as designated with whichever of the conflicting designations affords the greatest protection, but only to the extent a Receiving Party becomes aware that such identical documents are designated differently. Any Party identifying such inconsistent designations shall notify all other Parties of the conflicting designations by Bates number or other identifying information. The Designating Party shall then promptly inform the Parties as to the proper designation and shall undertake to reproduce the Discovery Material at issue with the appropriate designation.

3.6. <u>Derivative Information</u>. All Derivative Information shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material, as the case may be, in accordance with the provisions of this Order to the same extent as the Discovery Material from which such Derivative Information is derived.

3.7. <u>Failure to Designate</u>. The unintentional or inadvertent disclosure by the Producing Party of any Discovery Material without designating it as Confidential Discovery Material or Highly Confidential Discovery Material in accordance with this Order shall not be deemed a waiver in whole or in part of a Party's claim that such Discovery Material is properly considered Confidential Discovery Material or Highly Confidential Discovery Material, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter. If a Producing Party produces Discovery Material without properly designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party may subsequently designate such

7

Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by delivering to the Receiving Parties promptly upon learning of the production without the proper designation both (i) written notice of such designation, and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections conferred by this Order.  The Receiving Party must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order prior to its designation as Confidential Discovery Material or Highly Confidential Discovery Material, as the case may be.   Nothing in this Order shall prevent a Producing Party, in good faith, from correcting the designation of Discovery Material that already has been produced to another Party in undesignated form or designating any Discovery Material that has previously been produced in undesignated form by another Producing Party.

**4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4.1.   <u>Time to Challenge Designation</u>.   A Receiving Party may object to the designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material at any time that is consistent with the operative scheduling order in the Action.  Accordingly, a Receiving Party shall not be obligated to challenge the designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material at the time of the designation and the failure to do so shall not waive or otherwise preclude a subsequent challenge to such designation in accordance with Paragraph 4.3.

4.2.   <u>Meet and Confer</u>.  In the event a Receiving Party wishes to challenge the designation of any Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall give written notice to Outside Counsel for the Designating Party and all other Outside Counsel in the Action of the reasons for the objection.   The Objecting Party and the Designating Party shall attempt in good faith to resolve all objections by agreement by following the dispute resolution process under Civil Local Rule 37-1.

[PROPOSED] STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

4.3.    Court Resolution.  In the event the Receiving Party and the Designating Party are unable to resolve the Receiving Party's objections within fourteen (14) days from when they are first made, the Receiving Party may submit the matter to the Court by filing a motion that complies with the procedures set forth in Civil Local Rules 37-1, 37-2, and 37-3.  The burden of persuasion in any such motion shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties or Non-Parties) may expose the moving Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**5.    ACCESS TO CONFIDENTIAL DISCOVERY MATERIAL**

5.1.    Limited Use.  A Receiving Party shall use Confidential Discovery Material and Highly Confidential Discovery Material solely for purposes of prosecuting, defending, or attempting to settle this Action.  Further, such Confidential Discovery Material or Highly Confidential Discovery Material may be disclosed solely to the authorized persons or entities and under the conditions described in this Paragraph 5.  Receiving Parties and their Counsel shall maintain Confidential Discovery Material and Highly Confidential Discovery Material in a secure manner and employ reasonable measures, consistent with this Paragraph 5, to ensure that such Discovery Material is (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons or entities.  When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 10 below (FINAL DISPOSITION).

5.2.    Disclosure of Confidential Discovery Material.  Except as otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Discovery Material, in whole or part, only to the following persons or entities, and only insofar as such disclosure is reasonably necessary for the prosecution, defense, or potential settlement of this Action:

(a)    Outside Counsel for the Receiving Party in the Action, and the employees and Professional Vendors of such Outside Counsel;

(b)    the officers, directors, and employees of the Receiving Party (including In-House Counsel);

(c)    any person indicated on the face of a document or its metadata, or any related cover letter, email, or other communication or its metadata, to be the author, addressee, recipient, or subject of the document or, in the case of meeting minutes and presentations, an attendee of the meeting;

(d)    any fact witness or deponent in the Action and their Counsel, to the extent the Confidential Discovery Material relates to the anticipated or actual subject matter of such fact witness or deponent's testimony;

(e)    Experts of the Receiving Party and their employees and/or support staff, provided that any parts of the report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or part, shall be designated as "Confidential" by the Party offering the report, and provided, further, that any such Expert sign an undertaking in the form attached as Exhibit A hereto;

(f)    the Court and its necessary personnel and any appellate court having jurisdiction of any appeal in this Action and its necessary personnel;

(g)    any court reporter and videographer recording testimony in this Action, and their staff;

(h)    any mediator or settlement officers, and their support staff, mutually agreed upon by any Parties engaged in settlement discussions; and

(i)    insurance carriers providing coverage in this Action, provided that any representative who is given access to Confidential Discovery Material has signed an undertaking in the form attached as Exhibit A hereto.

5.3.    Disclosure of Highly Confidential Discovery Material.  Except as otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential Discovery Material, in whole or part, only to the

10

following persons or entities, and only insofar as such disclosure is reasonably necessary for the prosecution, defense, or potential settlement of this Action:

(a)    Outside Counsel for the Receiving Party in the Action, and the employees and Professional Vendors of such Outside Counsel;

(b)    any person indicated on the face of a document or its metadata, or any related cover letter, email, or other communication or its metadata, to be the author, addressee, recipient, or subject of the document or, in the case of meeting minutes and presentations, an attendee of the meeting;

(c)    any witness called to authenticate or establish the admissibility of the Highly Confidential Discovery Material, and their Counsel;

(d)    Experts of the Receiving Party and their employees and/or support staff, provided that any parts of the report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or part, shall be designated as "Confidential" by the Party offering the report, and provided, further, that any such Expert sign an undertaking in the form attached as Exhibit A hereto;

(e)    the Court and its necessary personnel and any appellate court having jurisdiction of any appeal in this Action and its necessary personnel;

(f)    any court reporter and videographer recording testimony in this Action, and their staff; and

(g)    any mediator or settlement officers, and their support staff, mutually agreed upon by any Parties engaged in settlement discussions.

5.4.    <u>Unauthorized Disclosure</u>.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, including those outlined above, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material or Highly Confidential Discovery Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the

11

terms of this Order; and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

5.5.   Use by Additional Parties.   In the event additional persons or entities become parties to the Action (a "**New Party**"), neither their Counsel nor their Experts shall have access to Confidential Discovery Material or Highly Confidential Discovery Material produced by, or obtained from, any other Producing Party until Counsel for the New Party has executed and filed with the Court a copy of this Order.

**6.     USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT**

6.1.   Filing Confidential Discovery Material.   Except as provided by order of the Court or express written consent of the Designating Party, if a Receiving Party seeks to file with the Court any Confidential Discovery Material or Highly Confidential Discovery Material that has been received from any other Party or Non-Party, or any papers containing or revealing such information (including but not limited to any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), Counsel for the Receiving Party shall file that submission electronically together with an application for leave to file under seal in accordance with Civil Local Rule 79-5.  The Receiving Party making any such filing shall only be obligated to state in the accompanying application and supporting declaration that the information was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Designating Party under the terms of this Order, as the case may be, and a more complete explanation supporting the motion to seal will be provided by the Designating Party in a responsive brief, together with all other information required by Civil Local Rule 79-5.2.2(b).

6.2.   Use of Designated Discovery Material in Open Court.   Any Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material in accordance with this Order may be used by a Receiving Party in any proceeding in the Action before the Court, including as evidence at any hearing in the Action, without violating this Order, provided that the Designating Party may file an application for leave to seal any portion of the transcript, record, or other recording method that refers to such

[PROPOSED] STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

Confidential Discovery Material or Highly Confidential Discovery Material in accordance with Local Rule 79-5.

6.3.   Admissibility.  Nothing in the above paragraphs shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

**7.   USE OF CONFIDENTIAL DISCOVERY MATERIAL IN OTHER CASES**

7.1.   Procedure.  If a Receiving Party is served with a subpoena or a court order issued in other proceeding that compels disclosure of any Confidential Discovery Material or Highly Confidential Discovery Material received from another Party or Non-Party in this Action, the Receiving Party must:  (a) promptly notify in writing the Designating Party of the subpoena or order, and include a copy of the subpoena or order, unless doing so will violate a court order; (b) promptly notify in wring the party who caused the subpoena or order to issue in the other proceeding that some or all of the Discovery Material sought by the subpoena or order is subject to this Order, and provide a copy of this Order; and (c) maintain the confidentiality of the Confidential Discovery Material or Highly Confidential Discovery Material sought by the subpoena or order in the event the Designating Party advises the Receiving Party that it will pursue a protective order or other relief to prevent or limit the disclosure of such Discovery Material prior to the proposed production date.

7.2.   If the Designating Party timely seeks a protective order in the other proceeding, the Receiving Party served with the subpoena or court order shall not produce any of the Confidential Discovery Material or Highly Confidential Discovery Material before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's written permission to do so.  The Designating Party shall bear the burden and expense of seeking any order to protect the Confidential Discovery Material or Highly Confidential Discovery Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**8.   NON-PARTIES**

8.1.   Protection for Non-Parties.  Any Non-Party from whom Discovery Material

13

is or has been sought in connection with this Action may obtain the protections of this Order by giving written notice to the Outside Counsel for the Party receiving such Discovery Material that it intends to be bound by the provisions of this Order and designating the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8.2.   Right of Party to Designate Discovery Material Produced by Non-Parties.  To the  extent any Non-Party produces Discovery Material in this Action that contains Confidential Discovery Material or Highly Confidential Discovery Material of a Party to this Action, that Party may designate such Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt of the Non-Party's production containing such Discovery Material.

8.3.   Confidentiality Agreements with Non-Parties.  In the event a Party is required, by a valid discovery request, to produce Discovery Material that it received from a Non-Party, and the Party is subject to an agreement with the Non-Party not to produce the Discovery Material, then the Party shall:  (a) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.  If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice described above, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Discovery Material.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

9.1.    Clawback Notice.  A Producing Party shall notify all Receiving Parties through their Outside Counsel in writing promptly upon learning of any inadvertent production or disclosure of any Privileged Material and provide a written explanation substantiating the claim.  The Producing Party must also re-produce the Discovery Material subject to such claim with appropriate redactions if reasonably practicable or an overlay reflecting that the document has been withheld within seven (7) business days after providing written notice.

9.2.    Response to Clawback Notice.  Upon receipt of the notice described in Paragraph 9.1, the obligations of the Receiving Party with respect to the Discovery Material that is the subject of the notice are set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Accordingly, the Receiving Party (a) must return, sequester, or destroy the specified Discovery Material and any copies; (b) must not use or disclose the Discovery Material until the claim is resolved; (c) must take reasonable steps to retrieve the Discovery Material if it was disclosed to others prior to receiving notice; (d) and may present the Discovery Material to the court under seal for a determination of the claim.

## 10. FINAL DISPOSITION

The provisions of this Order shall, absent written permission of the Producing Party and/or Designating Party, as the case may be, or order of the Court, shall survive the Final Disposition of the Action.  Within sixty (60) days after receiving notice of the Final Disposition of the Action, each Receiving Party in possession of Confidential Discovery Material or Highly Confidential Discovery Material shall take commercially reasonable efforts to identify and destroy all such Confidential Discovery Material and Highly Confidential Discovery Material, including all copies thereof and Derivative Information, or return such Discovery Materials to Counsel for the Producing Party.  Whether the such Discovery Material is destroyed or returned, the Receiving Party must send a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the

15

Confidential Discovery Material and Highly Confidential Discovery Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies thereof or Derivative Information.  Notwithstanding this provision, Counsel shall be entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Privileged Material, provided, however, that such Counsel shall maintain the confidentiality thereof pursuant to the terms of this Order.

## 11.    MISCELLANEOUS

11.1. <u>No Waiver</u>.  Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material, or otherwise complying with the terms of this Order, shall not:

(a)    operate as an admission by the Receiving Party that any particular Confidential Discovery Material or Highly Confidential Discovery Material is appropriately designated as such;

(b)    prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Material or Highly Confidential Discovery Material in connection with this Action or any other proceeding;

(c)    prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d)    waive any applicable privilege, protection, or immunity;

(e)    waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material or Highly Confidential Discovery Material;

(f)    prejudice in any way the rights of a Party or Non-Party to petition the Court for a protective order relating to any Confidential Discovery Material or Highly Confidential Discovery Material;

[PROPOSED] STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

(g)    prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(h)    affect, or be construed to affect, in any way the authenticity or admissibility into evidence of any Discovery Material or other evidence at hearings or trial of the Action.

11.2. <u>Court Orders</u>.  Nothing in this Order shall be construed to prevent the disclosure of Confidential Discovery Material or Highly Confidential Discovery Material in this Action or any other proceeding if such disclosure is required by law or court order.

11.3. <u>Modifications</u>.  The Parties hereto may modify the terms of this Order by agreement of all Parties in writing, provided that any such modification is approved by the Court.

11.4. <u>Dispute Resolution</u>.  The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court. If the Parties are unable to resolve the dispute, either Party may make an application to the Court seeking appropriate relief.

11.5. <u>Violations</u>.  Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

11.6. <u>Effect of Stipulation</u>.  This Order shall become effective as a stipulation among the Parties immediately upon its execution, whether or not entered by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 16, 2026                    Respectfully submitted,

/s/ Justin D. D'Aloia                      /s/  Adam S. Paris
Justin D. D'Aloia (*pro hac vice*)         Adam S. Paris (SBN 190693)
Guy Yedwab (*pro hac vice*)                parisa@sullcrom.com
**POMERANTZ LLP**                          Diane L. McGimsey (SBN 234953)
600 Third Avenue, 20th Floor               mcgimseyd@sullcrom.com

17

New York, New York 10016
Telephone: (212) 661-1100
jdaloia@pomlaw.com
gyedwab@pomlaw.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and Lead
Counsel for the Proposed Class*

Joshua E. Fruchter (*pro hac vice*)
**WOHL & FRUCHTER LLP**
25 Robert Pitt Drive, Suite 209G
Monsey, New York 10952
Telephone: (845) 290-6818
jfruchter@wohlfruchter.com

*Additional Counsel for Lead Plaintiff*

Robert V. Prongay (SBN 270796)
Raymond D. Sulentic (SBN 316913)
**GLANCY PROGNAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
rsulentic@glancylaw.com

*Counsel for Plaintiff Mike Coan*

Emily D. Olsen (SBN 353281)
olsenem@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendants B. Riley
Financial, Inc., Bryant Riley, Tom
Kelleher, and Phillip J. Ahn*

18
[PROPOSED] STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 01/20/2026

_____
HON. A. JOEL RICHLIN
United States Magistrate Judge

19

[PROPOSED] STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re B. Riley Financial, Inc. Securities Litigation*<br><br>This Document Relates to:<br>All Actions | Master File No. 2:24-cv-00662-SPG-AJR<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

I, _____, hereby declare under penalty of perjury:

1.    It is my understanding that I am being furnished certain information or materials subject to the terms and restrictions of a Stipulated Protective Order for the Production and Use of Confidential Information (the "**Order**").

2.    I have read the Order in its entirety.

3.    I understand the terms of the Order and agree to be fully bound by its terms.

4.    I will use any material designated as Confidential or Highly Confidential that is given to me only in a manner authorized by the Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the above Court for purposes of the enforcement of the Order.

6.    Upon the conclusion of the action, I will return all material designated as Confidential or Highly Confidential to the attorney who provided it to me or certify that commercially reasonable steps were taken to destroy such materials.

Date:_____        Name:_____

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
FOR THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION