# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00662-SPG-AJR | Date | June 18, 2026 |
| --- | --- | --- | --- |
| Title | Mike Coan v. B. Riley Financial, Inc., et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
| --- | --- |

| A. Silva-Elder | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| None | None |

**Proceedings (In Chambers):** **ORDER DIRECTING DEFENDANTS TO PRODUCE CERTAIN COMMUNICATIONS IN RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION NOS. 4, 5, & 7**

On May 29, 2026, the Court held an informal discovery conference regarding various discovery disputes. (Dkt. 144.) One of the disputes related to Plaintiffs' Second Set of Requests for Production Nos. 4, 5, and 7. (Id. at 1.) These requests seek all documents and communications related to the funds used by Kahn or any Kahn affiliate to: (1) purchase any interest in Rent-a-Center (RFP No. 4); (2) pay the reverse termination fee related to the Rent-a-Center transaction (RFP No. 5); and (3) purchase any interest in Franchise Group, Inc. (RFP No. 7). Defendants objected to producing the documents sought, but instead agreed to produce non-privileged documents reflecting, referring, or relating to allegedly improper, suspicious, fraudulent, or Prophecy-related funding activity from October 2021 to the present, but not any other documents concerning the funds that Kahn used for these transactions. Defendants pointed out that they had separately agreed to produce (as responsive to other discovery requests) all documents and communications reflecting any payment to Kahn from Prophecy and all documents related to Kahn's trading business, regardless of time period. Plaintiffs' concern with Defendants' proposal is that documents will only be produced if Defendants know that the payments to Kahn are from Prophecy.

The Court previously determined that the source of the funds used by Kahn or any Kahn affiliate for these transaction was relevant because it was probative of the financial risk taken by Kahn and Defendants, and that financial risk was the basis of Plaintiffs' material misstatement claims. (Dkt. 144 at 1.) Thus, the Court directed Defendants to produce documents sufficient to show the source of the funds used by Kahn or any Kahn affiliate to: (1) purchase any interest in Rent-a-Center; (2) pay the reverse termination fee related to the Rent-a-Center transaction; and (3) purchase any interest in Franchise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00662-SPG-AJR | Date | June 18, 2026 |
| Title | Mike Coan v. B. Riley Financial, Inc., et al. | | |

Group, Inc. (Id.) Plaintiffs contended that documents sufficient to show the source of the funds was not enough and that Plaintiffs also needed all communications related to the funds for these transactions. (Id.) The Court was not convinced that Plaintiffs needed all communications related to the funds for these transactions, but permitted supplemental briefing on this limited issue. (Id. at 2.) The Court specifically encouraged Plaintiffs to consider whether they could narrow these requests. (Id.)

On June 5, 2026, Plaintiffs filed a letter brief ("Plaintiffs' Letter") addressing why they believe all communications related to the funds for these transactions is both relevant and proportional to the needs of the case. (Dkt. 149.) On June 12, 2026, Defendants filed a letter brief ("Defendants' Letter") in response, contending that Plaintiffs' requests are overbroad. (Dkt. 150.) Plaintiffs contend that any document "in B. Riley's possession showing that Kahn used stolen funds to make these payments are relevant." (Dkt. 149 at 2.) Plaintiffs further contend that any communication showing knowledge of Kahn's misappropriation of funds from Prophecy would be relevant to scienter for the alleged misrepresentations. (Id.) However, Defendants have already agreed to produce all non-privileged documents and communications reflecting any payment to Kahn from Prophecy, as well as all non-privileged documents reflecting, referring, or relating to allegedly improper, suspicious, fraudulent, or Prophecy-related funding activity from October 2021 to the present. And the Court has directed Defendants to produce documents sufficient to show the source of the funds used by Kahn or any Kahn affiliate for these transactions. (Dkt. 144 at 2.) Thus, Plaintiff's concern about documents showing that Kahn used stolen funds to make these payments and that there may be communications showing knowledge of Kahn's misappropriation of funds from Prophecy are already addressed by the documents Defendants have either agreed to produce or the Court has directed them to produce.

Plaintiffs next contend that even if the funds came from a source other than Prophecy, "communications raising questions or concerns about the source of such large sums of cash are equally probative of scienter." (Dkt. 149 at 2.) The Court agrees that communications raising questions or concerns about the source of the funds for these transactions would be relevant to scienter, and so do Defendants. Indeed, Defendants criticize Plaintiffs for seeking every communication concerning these transactions and point out that Plaintiffs failed to "limit their request to communications reflecting concerns about allegedly improper, suspicious, fraudulent, or Prophecy-related funding." (Dkt. 150 at 2.) The Court agrees that Plaintiffs' request for every communication concerning these transactions is overbroad and not proportional to the needs of the case. However, the Court will narrow Plaintiffs' request consistent with positions of both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00662-SPG-AJR | Date | June 18, 2026 |
| Title | Mike Coan v. B. Riley Financial, Inc., et al. | | |

Plaintiffs and Defendants set forth above by directing Defendants to produce all non-privileged communications related to the funds for the transactions identified in RFP Nos. 4, 5, and 7 that also relate to any diligence of the funds, diligence of the source of the funds, concerns about the funds, or concerns about the source of the funds. This more tailored scope of communications addresses the Court's overbreadth and proportionality concerns by narrowing the communications to those communications that would be relevant to scienter. Accordingly, the Court directs Defendants to include these additional documents in their responses to RFP Nos. 4, 5, and 7.

IT IS SO ORDERED.